IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONTE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| ENGINEERED RECYCLING SYSTEMS, ) | |
| LLC; ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

COMES NOW, Monte Thompson ("Mr. Thompson" or "Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint for Damages against Engineered Recycling Systems, LLC ("Defendant") and show the Court as follows:

## NATURE OF THE ACTION

**1.**

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

**2**

This action seeks declaratory relief and damages, liquidated damages, and reasonable attorney fees for Defendant's violations of Plaintiff's rights under the

1

Civil Rights Act of 1991, 42 U.S.C. §1981, et. seq. ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

## JURISDICTION AND VENUE

**3.**

Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(4).

**4.**

Defendant is a domestic professional corporation that is qualified and licensed to do business in this District. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## PARTIES

**5.**

Plaintiff is a black American citizen of the United States of America and is subject to the jurisdiction of this Court.

**6.**

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

**7.**

Defendant may be served through its Registered Agent, James B. Cunningham, 1445 Monroe Dr. NE, Unit C31 Atlanta, GA 30324.

**8**.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

## ADMINISTRATIVE PREREQUISITES

**9.**

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 28, 2022.

**10.**

The EEOC issued a "Notice of Right to Sue" on June 2, 2022, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice. See, Exhibit A.

**11.**

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## STATEMENT OF FACTS

**12.**

Mr. Thompson is a dark skinned, black American male.

**13.**

Mr. Thompson worked for the Defendant through a staffing agency from on or about December 2020 through December 2021.

**14.**

In December 2021 Mr. Thompson was hired by the Defendant as a permanent employee.

**15.**

At all times relevant to this claim Plaintiff was a lead fabricator for the Defendant.

**16.**

Mr. Thompson's general duties consisted of building and installing recycling baler machines.

**17.**

In January 2022 Plaintiff received a raise based on his performance with Defendant.

**18**.

Mr. Thompson had received no verbal or written disciplinary actions during the period he worked for Defendant.

**19.**

On February 8, 2022, while Mr. Thompson was carrying out his job duties, he heard a co-worker named Danny LNU making racist jokes that included the use of the N-word.

**20.**

On February 9, 2022, Mr. Thompson informed Danny LNU that his use of racist slurs in the workplace offended him and made him uncomfortable.

**21.**

In response Danny LNU became angry and made more racist and derogatory statements including saying to Plaintiff "I am going to kick your n-word ass in the neck."

**22.**

After Danny LNU made the racist and derogatory statements on February 9, 2022, Plaintiff informed his supervisor, Operations Manager Nick Fisher, that he had been subjected to racial slurs and harassment in the workplace.

**23.**

Mr. Fisher instructed Plaintiff to leave the workplace and take paid time off for the day.

**24.**

Mr. Fisher later instructed Plaintiff to apologize to Danny LNU in order to resolve the issues in the workplace.

**25.**

Plaintiff questioned Mr. Fisher about why he needed to apologize to Danny LNU when Plaintiff had been subjected to racists slurs and derogatory statements.

**26.**

Danny LNU was not instructed to apologize to Plaintiff for making racist slurs and derogatory statements.

**27.**

On February 10, 2022, Nick Fisher called Plaintiff and informed him he was being terminated.

**28.**

After repeatedly asking the basis for his termination, Plaintiff was told he was being terminated due to productivity issues.

**29.**

Defendant terminated Mr. Thompson in retaliation for raising his concerns regarding discrimination in the workplace.

**30.**

Any reason Defendant asserts for terminating Mr. Thompson's employment is a pretext for race discrimination and unlawful retaliation for Plaintiff engaging in protected activity.

**31.**

As a result of the termination, Plaintiff has suffered damages, including lost wages and emotional distress.

**32.**

Defendant had control over the terms and conditions of Plaintiff's employment without limitation, including, but not limited to, job duties, supervision, his rate of compensation, decision to not proceed with Plaintiff's employment.

**33.**

At all times relevant, Defendant was Plaintiff's employer under 42 U.S.C. §1981.

**34.**

Defendant is liable for violating 42 U.S.C. §1981 and Title VII by the conduct described herein.

**COUNT I: RACE & COLOR IN VIOLATION OF TITLE VII**

**35.**

Plaintiff re-alleges the preceding paragraphs of this Complaint as if set forth fully herein.

**36.**

Plaintiff is a black American and is dark skinned in color.

**37.**

After terminating Plaintiff's employment, upon information and belief, Defendant placed a white person into his position.

**38.**

Plaintiff was treated less favorably than individuals outside his race.

**39.**

Defendants action in terminating Plaintiff, in whole or part, was because of his race and was a violation of Title VII.

**40.**

As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering mental anguish and Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and cost, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**COUNT II:- RETALIATION IN VIOLATION OF TITLE VII**

**41.**

Plaintiff re-alleges the preceding paragraphs of this Complaint as if set forth fully herein.

42.

Plaintiff's verbal complainants and opposition to race and color discrimination in the workplace constitute conduct protected under Title VII.

43.

Defendant subjected Plaintiff to adverse action, specifically termination, because of his protected conduct.  Defendants' termination of Plaintiff's employment because of his complaints about discrimination constitutes unlawful retaliation in violation of Title VII.

44.

There was a causal connection between the protected conduct and the termination of Plaintiff's employment.

45.

As a direct and proximate result of Defendant's actions, plaintiff has suffered economic and non-pecuniary damages.

46.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

47.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for punitive damages, lost wages and benefits,

compensatory damages, attorneys' fees and cost, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT III: RETALIATION IN VIOLATION OF SECTION 1981

**48.**

Plaintiff re-alleges the preceding paragraphs of this Complaint as if set forth fully herein.

**49.**

Plaintiff is a black American and dark skinned in color. .

**50.**

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. §1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

**51.**

Plaintiff was qualified for the position of lead fabricator and performed his contractual obligations.

**52**.

Defendants violated Plaintiff's rights under 42 U.S.C. §1981.

**53.**

Plaintiff is a member of a protected class.

### 54.

Plaintiff's complaints and opposition to racist conduct constituted protected activity under 42. U.S.C. §1981.

### 55.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct.  The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

### 56.

There was a causal connection between the protected conduct and the adverse action of termination.

### 57.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

### 58.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

### 59.

Defendants' actions were reckless and taken in willful disregard of the probable consequences of their actions.

**60**.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays the court for judgment and relief as follows:

(a) That process issue against the Defendant as required by law;

(b) That Plaintiff have judgment against the Defendant on all counts, in an amount to be determined at trial;

(c) That Plaintiff be awarded compensation for lost wages and benefits and prejudgment interest thereon;

(d) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(e) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(f) That Plaintiff recover pre-judgment interest at the rate allowed by law;

(g) That Plaintiff recover post-judgment interest from Defendants';

(h) Reasonable attorneys' fees and expenses of litigation;

(i) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(j)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(k)     That a jury trial be had as to all issues in this Complaint; and

(l)     For all such other and further relief as is deemed just and proper by this Court.

Respectfully submitted this 22nd day of August, 2022.

/s/ Danielle Bess_____
Obiorah Fields, LLC
Georgia Bar No.:055770
157 S. McDonough Street
Jonesboro, GA 30236
Lsfairesq@gmail.com
Tel: (404) 994-6218
Fax: (877) 828-8956
 dbo@obiorahfields.com

/s/ *Lakiesha Fair*
Lakiesha Fair
Georgia Bar No.
The Fair Law Firm, LLC
320 W. Lanier Ave., Ste. 200
Fayetteville, GA 30214
404-947-6755